IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

MIGUEL GOMEZ,

    Plaintiff,

    vs.                                        Civil No. 16-1079 WJ/KBM

CHI ST. JOSEPH'S CHILDREN and
ALLEN SANCHEZ,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND
AND TO REMAND CASE TO STATE COURT**

THIS MATTER comes before the Court upon Plaintiff's Motion to Amend Complaint and Motion to Remand, filed November 21, 2016 **(Doc. 16).** Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is granted in its entirety.

**BACKGROUND**

In this lawsuit, Plaintiff alleges that he was terminated from his employment at CHI St. Joseph's Children ("St. Joseph's") based on religion, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also asserts state law claims for breach of contract and wrongful discharge against St. Joseph's, and a claim of defamation against Defendant Allen Sanchez. On August 4, 2016, Plaintiff filed this lawsuit in the Second Judicial District, County of Bernalillo, and Defendants then removed it to federal court on September 30, 2016 on the basis of federal jurisdiction over the Title VII claim and supplemental jurisdiction over Plaintiff's state law claims.

There is no dispute about the propriety of removal and as the complaint now stands with its sole federal claim, there is no basis to remand the lawsuit. There are two issues the Court must determine. The first is whether to allow Plaintiff to amend his complaint to remove the Title VII claim, the only federal claim in this lawsuit. However, allowing amendment of Plaintiff's complaint would not eliminate a basis for this Court to exercise jurisdiction over this action, because removal jurisdiction is determined at the time of filing. *Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939)). If amendment is allowed, then the inquiry becomes whether to grant Plaintiff's request to exercise supplemental jurisdiction under 28 U.S.C. §1367 over this case or remand it to state court.

## DISCUSSION

Defendants contend that Plaintiff's attempt to amend the complaint is an effort to undo their proper removal to federal court and thus avoid federal jurisdiction. They do not oppose amendment so long as Court retains jurisdiction over the case, but would oppose amendment to remove the Title VII claim if the Court would be inclined to remand the case.

**I.      Motion to Amend**

The "well-pleaded complaint" rule requires that "the federal question giving rise to jurisdiction must appear on the face of the complaint." *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir.2003). It also makes the plaintiff the "master of the claim" in that a plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *Nicodemus v. Union Pacific Corp*., 440 F.3d 1227, 1232 (10th Cir. 2006). The question is whether Plaintiff's request to amend should be granted after the case has been removed to federal court.

The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend is generally freely granted, it will not be permitted where the proposed amendment will be futile, or where the request is untimely and unduly prejudicial to the opposing part. *Castleglen, Inc., et al. v. R.T.C.*, 984 F.2d 1571 (10th Cir. 1993).

Defendants claim they will be prejudiced by allowing Plaintiff to amend the complaint to remove the federal claim because it denies them the right to remove under 28 U.S.C. §1331 and have the state claims heard by this Court under §1367. However, the "right" to removal is not absolute. For example, a case *"shall be remanded*" if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction . . . ." *See* 28 U.S.C. §1447(c). Defendants also contend that granting Plaintiff's motion to amend would force them to shoulder the burden of additional discovery requirements when they have already dedicated time and resources to the federal proceeding. This protestation is something of an exaggeration, both with regard to the existence of any prejudice to Defendants as well as to the degree of delay that amendment would cause. First, this lawsuit still appears to be in its initial stages. While the Joint Status Report was filed two months ago (Doc. 13), the scheduling of deadlines has been held in abeyance pending the Court's ruling on this motion. *See* Doc. 15 (Clerk's Min. for Scheduling Conf.). Second, in addition to amending the complaint to remove the federal claim, Plaintiff also intends to add a claim for discriminatory termination under the New Mexico Human Rights Act ("Human Rights Act"). Doc. 16 at 12. A claim brought under the New Mexico Human Rights Act poses legal burdens on parties very similar to a claim brought under Title VII, and Defendants will not be embarking on a completely new defense to this lawsuit, or

looking to unearth entirely different categories of discovery. *See Cates v. Regents of the N.M. Inst. Of Mining & Tech.,* 124 N.M. 633, 638 (1998) (using same "evidentiary methodology" used in Title VII cases to provide guidance in interpreting Human Rights Act); *Orr v. City of Albuquerque,* 417 F.3d 1144 (10th Cir. 2005) (applying same legal analysis to Human Rights Act claim and Title VII claim). Thus, Defendants would not be hard put to shift their litigation strategy from the federal discrimination claim to the state law discrimination claim.

Defendants also contend that allowing amendment of the complaint should be denied because it is an attempt by Plaintiff to defeat federal jurisdiction, but the Court is not convinced this is so. Allowing Plaintiff to amend the complaint would not divest this Court of jurisdiction over the lawsuit, since the Court may still exercise supplemental jurisdiction over the remaining state law claims. *See Barlow v. C.R. England, Inc.,* 703 F.3d 497, 511 (10th Cir. 2012) ("Upon dismissal of the federal claim, the District Court retained its statutory supplemental jurisdiction over the state-law claims"). The Court also is not persuaded that Plaintiff's request to amend is brought in bad faith, as Defendants contend. Plaintiff's counsel reassures the Court that the decision to drop the Title VII claim is due in part "because of developments in the [federal case] law and the changing appellate court atmosphere to civil rights case[s]." Doc. 18 at 3. Consistent with that representation, the proposed amended complaint does not simply abandon the discrimination claim, but replaces it with a parallel state law claim. *Cmp. Jones v. Houston Independent School Dist*., 979 F.2d 1004, 1007 (5th Cir. 1992) (denial of plaintiff's motion to remand was not an abuse of discretion because plaintiff's sole apparent reason for seeking remand was to destroy removal jurisdiction and where plaintiff moved to withdraw federal claims on the ground that they were meritless). For these reasons, the Court will allow Plaintiff to amend the Complaint.

**II.     Remand**

The normal procedure after granting a request to amend a complaint would be for Plaintiff to file the amended complaint, after which the Court would determine whether to retain jurisdiction of the state law claims or to remand the case.  However, in the interests of judicial economy, the Court finds no reason to postpone the inevitable.  Based on the allegations in the proposed amended complaint (Doc. 16 at 4-17), the Court hereby considers the Title VII claim to be voluntarily dismissed by Plaintiff, which leaves only state law claims to be litigated in this lawsuit.

The remaining question is whether the Court should exercise its discretion to retain supplemental jurisdiction over this lawsuit (based on the amended complaint) under 28 U.S.C. §1367, or remand the case. As Defendants note, a district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case.  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988).  There is no indication here that Plaintiff has resorted to such tactics.

The Court finds that remand is appropriate.  At this point, there has been minimal investment in this case by both the Court and counsel: no discovery has been accomplished and no scheduling dates have been established.  The Court finds some irony in the fact that Defendants point to the large civil caseload which this district carries to argue that amendment of the complaint would only cause more work and protracted case disposition; yet at the same time they urge this Court to retain jurisdiction of the case in consideration of "judicial economy." Doc. 17 at 9.  Given the present posture of this case, the Court declines to exercise supplemental jurisdiction over the case once the complaint has been amended to contain only state law claims. *See Sawyer v. County of Creek,* 908 F.2d 663, 668 (10th Cir. 1990) (state claims dismissed for

lack of pendent jurisdiction where federal cause of action dismissed prior to trial; *U.S. v. Botefuhr,* 309 F.3d 1263, 1273-73 (10th Cir. 2002) (district court should normally dismiss supplemental state law claims after all federal claims have been dismissed particularly when those claims are dismissed before trial); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (preference for remand "is especially strong when the federal question drops out of the case shortly after removal"). **THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint and Motion to Remand **(Doc. 16)** is granted in that the Court hereby:

(1) grants Plaintiff's motion to amend to reflect dismissal of the sole federal claim;

(2) considers Plaintiff's Title VII as voluntarily dismissed; and

(3) declines to exercise supplemental jurisdiction under 28 U.S.C. §1367 over this lawsuit, which now consists entirely of state law claims;

**IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to remand this action to the Second Judicial District, County of Bernalillo.**

A Final Judgment shall issue separately.

_____
UNITED STATES DISTRICT JUDGE